IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**GLORIA D. MORRIS**                                                                      **PLAINTIFF**

**VS.**                                **NO:5:08CV00244**

**KAPSTONE KRAFT PAPER CORP.**                                         **DEFENDANT**

## ORDER

Pending is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (5). (Docket # 5). On November 14, 2008, the Court entered a Show Cause Order directing the Plaintiff to respond to the Court on or before the November 28, 2008, to show cause why she had not responded to Defendant's Motion to Dismiss filed October 24, 2008. Plaintiff failed to respond.

On September 2, 2008, Plaintiff filed her complaint *pro se* alleging that Defendant, Kapstone Kraft Paper Corporation ("Kapstone") demoted her in violation of her rights pursuant to Title VII of 1964. The court's docket sheet indicates that Summons was issued as to Kapstone on September 30, 2008. On or about October 6, 2006, Kapstone's Fordyce, Arkansas facility received a copy of the complaint by certified mail, return receipt requested, addressed to Carol Orr, the General Manager of the facility. No summons was included with the complaint. Ms. Orr is not an officer, partner or managing or general agent of Kapstone.

On or about October 7, 2008, Kapstone's headquarters in Northbrook, Illinois received a copy of the complaint by certified mail, return receipt requested, addressed to the company's Chief Executive Officer, Matthew Kaplan. No summons was included with the complaint.

Kapstone is a Delaware corporation registered to do business in Arkansas. Its registered agent for service of process in Arkansas is the Corporation Company in Little Rock, Arkansas.

For proper service of a corporation, Rule 4 of the Arkansas and Federal Rules of Civil Procedure requires that a summons be served with a copy of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process. Plaintiff's service failed to comply with these requirements. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *See, Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F. 3d 838, 843 (8th Cir. 1993).

For these reasons, Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED this 4th day of December, 2008.

James M. Moody
United States District Judge